IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONAVETTE ELY, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CA 16-00085-CG-C |
| MOBILE COUNTY PUBLIC SCHOOLS, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1). For the reasons stated herein, it is recommended that the Court dismiss this action based upon the Plaintiff's failure to prosecute this action and comply with the Court's Order (the "June 16 Order") (Doc. 6) entered on June 16, 2016.

On February 25, 2016, the Plaintiff, acting *pro se*, filed a form complaint (the "Form Complaint") (Doc. 1) and motion to proceed without prepayment of fees (the "IFP Motion") (Doc. 2). The Plaintiff, however, left several questions on the Form Complaint and the IFP Motion unanswered. (*See* Doc. 1 at 1-2; Doc. 2 at 1-3). Notably, the Plaintiff did not answer the questions in the Form Complaint about the grounds for this Court's jurisdiction or the statute under which this suit is filed. (*See* Doc. 1 at 1-2). As a result, the Court held a hearing on June 14, 2016 (the "Hearing"), in which the undersigned explained these deficiencies with the Form Complaint and the IFP Motion to the Plaintiff. The Plaintiff stated that she was employed and that she intended to retain counsel.

The Court then issued the June 16 Order requiring the Plaintiff to file amended versions of the Form Complaint and the IFP Motion consistent with the Court's instructions at the Hearing no later than July 15, 2016. Further, at the Hearing and in

the July 15 Order, the Court specifically stated that the Plaintiff's "failure to adequately amend her Complaint and IFP Motion could lead to the dismissal of her lawsuit." (*See* Doc. 6 at 1).

The Plaintiff has failed to comply with the Court's June 16 Order. (*See* Docket Sheet). To date, the Plaintiff has not filed amended versions of the Form Complaint or the IFP Motion. An action may be dismissed if a plaintiff fails to prosecute the action or she fails to comply with any court order. FED. R. CIV. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (quoting another source) ("A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.").

As a result of the Plaintiff's failure to comply with this Court's June 16 Order, it is **RECOMMENDED** that the Court **DISMISS** this case **WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b) due to the Plaintiff's failure to prosecute this action and obey this Court's lawful orders. If the Plaintiff wants to comply with the Court's June 16 Order, the Plaintiff may, together with filing a written objection as detailed below, (1) file a motion to amend her complaint[1] and (2) either file an amended version of her IFP Motion or pay the $400.00 filing fee.

---

[1] The undersigned also notes that he has concerns about the portions of the Form Complaint the Plaintiff did complete, specifically, whether the Plaintiff has stated a viable legal claim. (*See* Doc. 1 at 2 (stating "McKinney Vento, Civil Rights Violations, Illegal withdrawals, Special Education, Unsportsmanlike Conduct, Due Process, Fraud, Kidnapping, illegal detained, Discrimination, retaliation" as her legal claim or reason for filing suit).

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the Plaintiff.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of July 2016.

               s/WILLIAM E. CASSADY               
**UNITED STATES MAGISTRATE JUDGE**